

Sylvia Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

January 27, 2023

**BY ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Curtis v. JPMorgan Chase Bank, N.A.*, Case No. 22-CV-10286—Request to Extend Responsive Pleading Deadline and Adjourn Pretrial Conference Given Existing Agreement to Arbitrate and Potential Forthcoming Motion to Compel Arbitration

Dear Judge Schofield:

Pursuant to Rule I(B)(2) of Your Honor's Individual Rules and Procedures for Civil Cases, we write on behalf of JPMorgan Chase Bank, N.A. ("Chase"), who we represent, and co-defendant Early Warning Services, LLC ("EWS") to request that the time for Chase and EWS to respond to the Complaint in this action, currently due February 6, 2023 (Rec. Doc. No. 23), be extended through and until after the parties continue their discussions concerning Chase's and EWS's position that this case belongs in arbitration and, if it comes necessary for Chase and EWS to file a motion to compel arbitration, this Court's resolution of that motion. Chase and EWS intend to file a motion compelling this matter to arbitration by March 1, 2023, depending upon the progress of discussions between the parties. Chase and EWS propose that their respective deadlines to respond to the Complaint be extended until 4 weeks from this Court's order on any such motion to compel, assuming the case is not dismissed or subject to arbitration. Relatedly, Chase also writes to request that the initial pretrial conference scheduled for February 22, 2023 (Rec. Doc. No. 27) be adjourned until after these arbitration issues are resolved.

By way of background, in accordance with Rule III(A)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, on January 25, 2023, Chase sent counsel for plaintiff Keanna Curtis a letter explaining the basis for its position that this case should be arbitrated, including "citing the controlling authorities that the movant contends would warrant granting the motion." EWS joined in that letter. The letter was preceded by a telephonic conference between Plaintiff's counsel and Chase counsel on January 11, 2023 discussing Chase's forthcoming arbitration position letter and necessarily an extension of time for Chase to respond to the Complaint. Plaintiff's counsel is in the process of evaluating Chase's arbitration letter and will respond consistent with Rule III(A)(3). In the meantime, however, Plaintiff's counsel has consented to extending Chase's and EWS's time to respond to the Complaint and to adjourning the initial pretrial conference pending the parties' resolution of these arbitration-related issues, or if

---

Application **GRANTED IN PART.** The deadline to answer, move or otherwise respond to the Complaint is **EXTENDED** to **February 8, 2023.** Defendants shall file a pre-motion letter regarding any anticipated motion to compel arbitration no later than **February 8, 2023.** If such a letter is filed, Plaintiff shall file a response no later than **February 15, 2023.** Any such letter shall contain a proposed briefing schedule, and the parties are instructed to meet and confer regarding a joint proposal. The filing of such a pre-motion letter shall stay the time to answer, move or otherwise respond to the Complaint pending further order. The request to adjourn the initial conference is **DENIED**. The parties shall file the joint letter and proposed case management plan by **February 15, 2023**. So Ordered.

Dated: January 30, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

January 27, 2023
Page 2

necessary, the Court's resolution of any motion to compel arbitration, provided that Chase and EWS either file a motion to compel arbitration or a response to the Complaint by March 1, 2023. Should the Court wish to convert the initial pretrial conference into a status conference related to these arbitration issues, however, the parties are available and stand by to discuss them.

      This is Chase's second request for an extension of time to respond to the Complaint, having previously requested an extension before the holiday period, which this Court granted. (Rec. Doc. No. 23). This is the first such request by Chase given the pending arbitration-related issues. EWS has not previously sought an extension of time to respond to the Complaint. This is the parties' first request to adjourn the initial pretrial conference.

      We appreciate the Court's consideration of these requests and are available should the Court have any questions.

Respectfully submitted,

    */s/ Sylvia Simson*

Sylvia Simson

CC (by ECF):  All counsel of record