

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

**Plaintiff shall file a letter, not to exceed three pages, no later than February 15, 2023.  So Ordered.**

February 8, 2023

**Dated: February 9, 2023
New York, New York**

**BY ECF**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Curtis v. JPMorgan Chase Bank, N.A.*, No. 22-CV-10286—Anticipated Motion to
         Compel Arbitration

Dear Judge Schofield:

Pursuant to Your Honor's January 30, 2023 Order (ECF No. 29) ("Order"), we write on behalf of JPMorgan Chase Bank, N.A. ("Chase"), who we represent, and Early Warning Services, LLC ("EWS") to inform Your Honor of the bases for the defendants' anticipated joint motion to compel arbitration of all of the claims asserted in the Complaint.[1]

### I.    Summary of Dispute & Relevant Arbitration Agreements

Plaintiff alleges she is a Chase accountholder and voluntarily used Chase's mobile banking application, including its Zelle feature, to send funds to purported fraudsters.  Compl. ¶¶ 91, 97, 99-100.  She further alleges that she has not been refunded for these transfers after reporting the purported fraud.  *Id.* ¶ 112.  She brings five causes of action, including a breach of contract claim against Chase, premised on the DAA, Zelle Agreement, and Online Agreement (all defined below).

When Plaintiff opened her account at Chase (the "Account") on October 7, 2019, she formally acknowledged her receipt and the applicability of Chase's Deposit Account Agreement ("DAA"), which may be amended from time to time, to the Account by signing a Signature Card. *See* Ex. 1 (Plaintiff's Signature Card); *see also* Ex. 2 (currently operative DAA).  Plaintiff effectively acknowledges this fact in her Complaint, *see* Compl. ¶ 79, and then relies upon language in the DAA to support certain of her allegations, including to bring a breach of contract claim against Chase.  But the DAA provides that disputes between Plaintiff and Chase are subject to mandatory individual arbitration under the Federal Arbitration Act ("FAA"):

You and we agree that upon the election of either of us, ***any claims or disputes*** (as defined below) will be resolved by binding arbitration as discussed below, and not through litigation in any court . . . .

---

[1] On January 25, 2023, pursuant to Rule III(A)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, Chase and EWS sent Plaintiff a joint letter explaining the bases for their position that this case should be arbitrated. As of the filing of this pre-motion letter, and despite our follow-up, Plaintiff has not substantively responded thereto.

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

February 8, 2023
Page 2

> This arbitration agreement is entered into pursuant to the [FAA].
>
> . . . UNLESS YOU OPT OUT OF ARBITRATION, YOU AND WE ARE WAIVING THE RIGHT TO HAVE OUR DISPUTE HEARD BEFORE A JUDGE OR JURY, OR OTHERWISE TO BE DECIDED BY A COURT . . . *AND YOU AND WE ARE ALSO WAIVING ANY ABILITY TO ASSERT OR PARTICIPATE IN A CLASS, REPRESENTATIVE, OR CONSOLIDATED PROCEEDING, WHETHER IN COURT OR ARBITRATION. ALL DISPUTES, EXCEPT AS STATED BELOW, MUST BE RESOLVED BY BINDING ARBITRATION . . . .*

DAA at 25 (emphases added).  The arbitration provision broadly covers any claims or disputes arising from or related to the DAA and/or the Account, related transactions, or related services:

> **What claims or disputes are subject to arbitration?**
>
> Claims or disputes between you and us about your deposit account, *transactions involving your deposit account, and any related service or agreement with us are subject to arbitration. Any* claims or disputes arising from or relating to this agreement[ or] any prior account agreement between us . . . are included.

DAA at 25 (emphases added).  Importantly, it also states that Plaintiff must pursue her claim on an individual basis and may not pursue a class claim or putative class action.  *See id.*[2]

The Complaint also relies on portions of the Zelle® Service Agreement and Privacy Notice dated May 23, 2021 ("Zelle Agreement"), *see* Ex. 4 and Compl. ¶ 84, and a Chase "Online Service Agreement For Consumer Customers With Checking Accounts" dated September 13, 2020 ("Online Agreement").  *See* Ex. 5 and Compl. ¶¶ 82-83.  That Zelle Agreement, which expressly "states the terms and conditions that govern [Plaintiff's] use of the Zelle Service," and thus directly relates to the transactional activity Plaintiff cites in her Complaint, provides:

> YOU HEREBY AGREE THAT *ANY* DISPUTE, CLAIM OR CONTROVERSY . . . *UNDER OR RELATING IN ANY WAY TO THIS AGREEMENT, OR TO THE SERVICE*, . . . SHALL BE RESOLVED BY BINDING ARBITRATION.

Zelle Agreement at 22 (emphases added).  It, too, contains a class action waiver provision.  *See id.*[3] The Online Agreement contains similar language, too.  *See* Online Agreement at 8 (§ 12) (stating that "any dispute, claim or controversy . . . under or relating in any way to this Agreement, or to the Online Service" is to be individually arbitrated and including a class action waiver clause).

These agreements all refer to JAMS and AAA rules when discussing mandatory arbitration. *See* DAA at 26; Digital Service Agreement at 18; Zelle Agreement at 22; Online Agreement at 8.

## II.     Basis for the Motion to Compel Arbitration and Proposed Briefing Schedule

The FAA provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ."  9 U.S.C. § 2.  Per that statutory mandate, the Supreme Court has held that the FAA established "a liberal federal policy favoring arbitration agreements" and that courts must

---

[2] Plaintiff also agreed to other Account-related agreements that contain binding arbitration provisions, such as the Digital Services Agreement applicable to the use, access, and management of Chase's Digital Platforms—including the mobile application that Plaintiff contends she used with respect to her Account. *See* Ex. 3 (current operative Digital Service Agreement) at 16 (Section 14). This agreement also contains a class action waiver provision. *Id.* at 16-18.

[3] The currently operative Zelle Agreement contains similar language. *See* Ex. 6 at 23-24.

February 8, 2023
Page 3

"rigorously enforce" them "according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (citations and internal quotation marks omitted); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (same). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Citigroup Global Markets Inc. v. Preis*, 2015 WL 1782135, at *3 (S.D.N.Y. 2015) (Schofield, J.) (citation omitted).

In this Circuit, the court must compel arbitration when (1) a valid agreement to arbitrate exists and (2) whether the litigation falls within its scope. *See* 9 U.S.C. §§ 2, 3; *Scott v. JPMorgan Chase & Co.*, 603 F. App'x 33, 35 (2d Cir. 2015) (summary order) (affirming dismissal based on Chase's DAA). But the court need not reach the second inquiry where the parties' agreement delegates questions of arbitrability and scope to the arbitrator (as the agreements do here). *See KPA Promotions & Awards, Inc. v. JPMorgan Chase & Co.*, 2021 WL 1317163, at *5 (S.D.N.Y. Apr. 8, 2021) (compelling arbitration based on the DAA and the business Online Agreement).

As she effectively concedes in her Complaint, Plaintiff agreed to be bound by the DAA when she opened her Account. In fact, she relies on the DAA, Zelle Agreement, and Online Agreement to support her claims, all of which contain binding individual arbitration provisions. *See* Compl. ¶¶ 79-84. Plaintiff may not rely upon these agreements to support her purported claims but selectively ignore the arbitration and class action waiver provisions contained therein. Indeed, courts routinely find claimants to be bound by arbitration provisions such as those at issue here pursuant to estoppel principles, among other reasons. To permit Plaintiff to rely on an agreement to support her purported claims and repudiate other terms therein when it works to her disadvantage "would not only flout equity" but would undermine "the congressional purpose underlying the FAA." *Carvant Fin. LLC v. Autoguard Advantage Corp.,* 958 F. Supp. 2d 390, 397 (E.D.N.Y. 2013) (quotation omitted). A valid agreement to arbitrate undoubtedly exists here.

As to the second question, "the arbitration clause[s are] susceptible to no interpretation that the current disputes are omitted from [their] scope." *Galli v. PricewaterhouseCoopers LLP*, 2020 WL 8768079, at *2 (S.D.N.Y. Aug. 12, 2020) (Schofield, J.) (compelling arbitration). The DAA covers, among other things, "any claims or disputes arising from or relating to this agreement," including any "[c]laims or disputes between you and us about your deposit account, transactions involving your deposit account, and any related service or agreement with us." DAA at 25. Courts that have considered the arbitration provision in the DAA confirm that it is "broad" and ordered arbitration of disputes between Chase and its customers/account holders.[4] The other agreements discussed herein, most notably the Zelle Agreement, are similarly broad and unquestionably cover this dispute, too.[5] EWS is plainly entitled to enforce the Zelle Agreement as either a third-party beneficiary or under the doctrine of equitable estoppel because Plaintiff's claims arise from her use of the Zelle service and are inextricably intertwined with the Zelle Agreement.[6]

The parties have agreed to a briefing schedule on the forthcoming motion, which they respectfully request be adopted: March 15 for defendants to file their joint motion, April 7 for Plaintiff to file her opposition, and April 28 for any reply. We thank the Court for its attention.

---

[4] *See, e.g.*, *Dill v. JPMorgan Chase Bank, N.A.*, 2020 WL 4345755, at *6 (S.D.N.Y. July 29, 2020); *Scott*, 2014 WL 338753, *aff'd* 603 F. App'x 33 (2d Cir. 2015).

[5] It is well-settled that "parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable evidence.'" *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). References to AAA or JAMS rules, like in the agreements at issue here, constitute such clear and unmistakable evidence. *See, e.g.*, *Emilio v. Sprint Spectrum L.P.*, 508 F. App'x 3, 5 (2d Cir. 2013).

[6] *See, e.g.*, *Greater Bright Light Home Care Servs., Inc. v. Jeffries-El*, 58 N.Y.S.3d 68, 74-75 (N.Y. App. Div. 2017); *Astra Oil Co. v. Rover Navigation, Ltd.*, 344 F.3d 276, 281 (2d Cir. 2003).

February 8, 2023
Page 4

Respectfully submitted,

/s/ *Sylvia E. Simson*

Sylvia E. Simson

CC (by ECF):  All counsel of record