

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

February 15, 2023

**BY ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>*Curtis v. JPMorgan Chase Bank, N.A.*, No. 22-CV-10286—Joint Letter Pursuant to Fed. R. Civ. P. 16 and January 4 and 30, 2023 Orders</u>

Dear Judge Schofield:

Pursuant to Your Honor's January 4, 2023 Order (Rec. Doc. No. 27), as amended by Your Honor's January 30, 2023 Order (Rec. Doc. 29), we write jointly on behalf of JPMorgan Chase Bank, N.A. ("Chase"), who we represent, co-defendant Early Warning Services, LLC ("EWS"), and Plaintiff Keanna Curtis ("Plaintiff") to provide Your Honor with the following information.

1. **<u>Statement of the Nature of the Case</u>**

   *Plaintiff's Allegations*

   Plaintiff is a putative class representative and victim of third-party fraud targeting Chase customers via the Zelle money transfer feature of Chase's mobile banking application.  This case arises out of the failure to prevent, investigate, and refund Plaintiff for funds lost due to third-party fraud, in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et. seq.* and new federal agency guidance.  Compl. ¶¶ 101, 103, 104, 106, 110, 112.  Plaintiff asserts five causes of action on behalf of herself and a putative nationwide class (and/or New York subclass) of Chase customers: (1) violation of the EFTA (against both defendants), (2) breach of contract, including breach of the covenant of good faith and fair dealing (against Chase only), (3) unjust enrichment (against both defendants, pled in the alternative to breach of contract), (4) negligence (against EWS only), and (5) violation of the New York General Business Law ("GBL") §§ 349 and 350, which prohibits deceptive acts or practices and false advertising (against both defendants, pled on behalf of the New York sub-class).  *Id*. ¶¶ 128-193.

   Plaintiff anticipates the principal issues are whether Defendants violated the EFTA and whether this putative class action should be certified pursuant to Fed. R. Civ. P. 23.

   *Defendants' Statement Regarding Facts, Claims, and Defenses*

   Chase and EWS strongly dispute Plaintiff's claims.  As a preliminary matter, Chase and EWS submit that Plaintiff's claims are subject to binding arbitration on an individual basis pursuant to various agreements governing Plaintiff's Chase account and her use of the Zelle service (described further below).  In addition, Chase and EWS reserve all rights to challenge the

February 15, 2023
Page 2

Complaint. Among other reasons, the Complaint misconstrues the EFTA, Chase and EWS complied with applicable law, Chase complied with any contractual or other requirements governing Plaintiff's Chase account, and the suggestions that Defendants made misleading representations or otherwise are in violation of the GBL are deficiently pled and without merit. Plaintiff also does not and cannot plausibly allege that defendants caused her losses in the first place.

With regard to the claims against EWS in particular, EWS submits that it is not a "financial institution" under the EFTA with respect to Plaintiff's Chase account because EWS did not provide that (or any other) account to Plaintiff, did not enter into any agreements with Plaintiff to provide electronic fund transfer services, did not issue access devices for her account, and did not make the transfers at issue. Plaintiff's negligence and GBL claims fail because Plaintiff does not identify any duty owed to her by EWS, nor does Plaintiff plausibly allege any deceptive or misleading conduct by EWS.

Chase and EWS also object to any suggestion that class-wide treatment is appropriate and will oppose any request for class treatment or certification.

### 2. **Subject Matter Jurisdiction and Venue**

#### *Plaintiff's Statement of the Basis of Subject Matter Jurisdiction and Venue*

The U.S. District Court has original subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law under the EFTA. Compl. ¶ 16. This Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2). *Id.* ¶ 17. Venue is proper under 28 U.S.C. § 1391(b) because (1) Defendants transact business within this judicial district, Chase has its principal place of business in New York City, New York, and a substantial part of the events giving rise to Plaintiff's cause of action against Defendants arise in this judicial district; and (2) Defendants' contacts with this District are sufficient to subject them to personal jurisdiction within this judicial district for Plaintiff's causes of action. Additionally, there is at least pendent personal jurisdiction over Zelle for Plaintiff's claims. *Id*. ¶ 18.

#### *Defendants' Responses on Subject Matter Jurisdiction and Venue*

Chase and EWS both disagree that this action belongs in this Court given the contractual agreement to arbitrate on an individual basis, as described in their February 8, 2023 pre-motion letter (described further below). (Rec. Doc. 33). Chase also disputes the suggestion that it is a New York citizen, as described in more detail in Section 3 below.

### 3. **Diversity of Citizenship**

#### *Plaintiff's Statement*

Pursuant to CAFA, 28 U.S.C. 1332(d)(2)(c), Plaintiff Curtis is a citizen of New York. Chase states that it is a citizen of Ohio. *See, infra*, "Additional Clarifying Statement by Defendants." EWS failed to file its corporate disclosure statement by the January 9, 2023 deadline, *see* Fed. R. Civ. P. 7.1, and has therefore not disclosed its citizenship. Plaintiff alleged EWS was a citizen of Arizona. Compl. ¶ 21.

#### *Additional Clarifying Statement by Defendants*

Chase corrects the suggestion in the Complaint that it is a New York citizen. *See* Compl. ¶¶ 18, 20. Under 28 U.S.C. § 1348, "all national banking associations" such as Chase "shall, for

February 15, 2023
Page 3

the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, National Association v. Schmidt, et al.*, 546 U.S. 303, 307 (2006); *see Onewest Bank, N.A. v. Melina*, 827 F.3d 214 (2d. Cir. 2016) ("for purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located"). Chase is, and was at the time the action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of evaluating subject matter jurisdiction—not New York as Plaintiff contends.[1]

EWS is a citizen of Delaware and Arizona for CAFA purposes.[2]

**4.   A Brief Description of Any Motions and Forthcoming Applications**

*Plaintiff's Statement*

Plaintiff intends to file a motion for class certification pursuant to Fed. R. Civ. P. 23. Plaintiff will oppose the anticipated motion to compel arbitration and any motion(s) to dismiss.

*Defendants' Statement*

On February 8, 2023, Chase and EWS filed a joint pre-motion letter relating to their contemplated motion to compel individual arbitration (Rec. Doc. 33), which operated to stay the deadline to answer or otherwise move with respect to the Complaint pursuant to this Court's January 30, 2023 Order (Rec. Doc. 29). This pre-motion letter refers to, among other agreements to arbitrate, three agreements expressly referred to in Plaintiff's Complaint: (1) Chase's Deposit Account Agreement, (2) the Zelle® Service Agreement and Privacy Notice dated May 23, 2021, (3) and a Chase "Online Service Agreement For Consumer Customers With Checking Accounts" dated September 13, 2020. Compl. ¶¶ 79, 82, 84. Plaintiff has until later today to respond to this pre-motion letter. While Plaintiff has not yet provided any written response to Chase and EWS's position that this case belongs in arbitration, Plaintiff indicated during oral meet and confer teleconferences that she plans to oppose this motion.

Defendants' position is that the Court's resolution of this threshold jurisdictional question is required at this juncture and that a continued stay of their deadline to answer or otherwise move with respect to the Complaint, and necessarily of discovery, is appropriate pending a resolution of that threshold arbitration issue. *See, e.g., Flores v. Chime Fin., Inc.*, No. 21-CV-4735 (RA), 2021 U.S. Dist. LEXIS 139860, *1 (S.D.N.Y. July 27, 2021) (finding good cause exists to stay pending

---

[1] *See, e.g., Blackman v. JPMorgan Chase, N.A.,* No. 20-CV-5539, 2022 WL 970729, at *5 (E.D.N.Y. Mar. 31, 2022) ("Because Chase is a national banking association, it is a citizen of Ohio and thus diverse."); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006) (holding Chase to be solely a citizen of Ohio for diversity purposes and rejecting argument that Chase is a citizen of New York because Chase "is a national banking association with its main office in the State of Ohio, as designated in its articles of association").

[2] Under CAFA, an unincorporated association (such as a limited liability company) is a citizen both of the State where it has its principal place of business and under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Contrary to Plaintiff's contention, EWS's members are not relevant to determining citizenship for CAFA purposes. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that CAFA "departs from the rule … that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members.") EWS is a limited liability company formed under Delaware law with its principal place of business in Arizona, and therefore is a citizen of those states for CAFA purposes.

February 15, 2023
Page 4

resolution of a motion to compel arbitration, noting the "'general practice of district courts' to impose a stay of discovery . . . while [a] motion to compel arbitration [is] pending'") (quoting *Intertec Contracting Turner Steiner Int'l, S.A.*, No. 98-CV-9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)); *Ross v. Bank of Am., N.A.*, No. 05-CV-7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting stay "[i]n view of the threshold issues concerning arbitration").

The parties met and conferred as to Defendants' position concerning the above-described stay and Plaintiff advised that her position is as follows: "Plaintiff does not intend to pursue any discovery until after the motion to compel arbitration is decided, provided there is no further direction from the Court at the Feb. 22 Initial Conference."

Defendants respectfully request that the stay imposed by the Court's January 30, 2023 Order (Rec. Doc. 29) be extended until the Court rules on the motion to compel arbitration, and necessarily that there also be a stay of the pursuit of any discovery. Defendants also request that they be given leave to file their motion to compel arbitration and that the parties' agreed-upon briefing schedule (set forth as follows) be adopted: March 15 for defendants to file their joint motion, April 7 for Plaintiff to file her opposition, and April 28 for any reply.

### *Joint Statement*

Finally, in connection with the upcoming telephonic conference on February 22, 2023, the parties respectfully request a deferral of setting case deadlines (including but not limited to discovery deadlines and pre-trial deadlines, and a motion for class certification) pending a ruling on the anticipated joint motion to compel arbitration. The parties agree and wish to propose to the Court that should the joint motion to compel arbitration be denied and this case proceeds in this Court, Chase and EWS shall have 30 days from the Court's ruling on motion to compel arbitration to answer or otherwise respond to the Complaint. The parties will then promptly propose a joint case management plan to the Court for its consideration.

If this case proceeds in this Court, in addition to any relief they may seek from an order denying their motion to compel arbitration, Chase and EWS intend to file motions to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 and will oppose any motion for class certification pursuant to Fed. R. Civ. P. 23 as this case is not suitable for treatment as a class action.

**5.   A Brief Description of Any Discovery**

### *Plaintiff's Statement*

No discovery has taken place. Plaintiff's discovery will focus on information necessary for preparing the class certification motion and also prevailing on the merits, including the unauthorized and/or fraudulent transactions reported but not paid by either defendant within 60 days; the sufficiency of Defendants' investigation of the transactions, if any occurred; Defendants' marketing and representations about the Zelle application; Defendants' policies and practices relating to these transactions; and agreements, financial statements, or other documents detailing the relationship between Chase and EWS.

### *Defendants' Statement*

As noted above, the parties agree that no discovery should occur prior to a ruling on Defendants' forthcoming motion to compel individual arbitration. In the event that motion is denied and this case proceeds in this Court, it is Defendants' position that no discovery should proceed until any case-dispositive motion(s) to dismiss are decided by this Court. Should this case

February 15, 2023
Page 5

ultimately proceed past the motion to dismiss stage, Defendants anticipate that any discovery will relate to the following subjects, among others: (a) the circumstances surrounding Plaintiff's fund transfers at issue; (b) Plaintiff's authorization of the fund transfers at issue; (c) Plaintiff's agreements with Chase and enrollment in Zelle through Chase; (d) Plaintiff's purported reliance on representations relating to Zelle; (e) Plaintiff's communications with the alleged third-party fraudsters and/or recipients of the funds at issue; (f) Plaintiff's communications with law enforcement regarding the fund transfers at issue; and (g) Plaintiff's communications and/or disputes with Chase or EWS, if any.

### 6. Computation of Damages Claimed by Plaintiff

*Plaintiff's Statement*

Absent discovery, Plaintiff cannot accurately provide an estimate of damages under Fed. R. Civ. P. 26(a)(1)(A)(iii). Notwithstanding this information, in response to an investigation by Senator Elizabeth Warren, it is Plaintiff's position that Defendant Chase has disclosed that from 2017 to August 2022, there were a total of 335,000 "unauthorized" fraud claims. Plaintiff Curtis, the putative class representative, was harmed at least in the amount of $1,900. Compl. ¶ 112.

*Defendants' Statement*

Defendants dispute that Plaintiff has been harmed in any amount whatsoever as a result of any conduct of defendants. Chase further disputes that the purported disclosure described above by Plaintiff amounts to any concession or admission of any kind or nature in this case.

### 7. Statement Describing the Status of Any Settlement Discussions

Settlement discussions have not taken place as the parties fundamentally disagree on the appropriate scope of this case. Defendants have advised they remain willing to have further discussions with Plaintiff about her individual claims, but object to any suggestion that class-wide treatment is appropriate (and will oppose any request for class treatment or certification).

Plaintiff is amenable to private, good faith mediation at any time prior to 30 days before trial.

Chase and EWS submit that their motion to compel individual arbitration should be resolved prior to participating in any formal settlement or mediation discussions. If this case proceeds in this Court following a ruling on that motion to compel arbitration, Chase and EWS recommend that any alternate dispute resolution mechanisms be deferred until the Court has decided any early dispositive motion.

### 8. Any Other Information

N/A

The parties thank the Court for its attention and look forward to discussing these matters further with the Court at the initial conference later this month. The parties' proposed case management plan and scheduling order is also annexed hereto.

Respectfully submitted,
*/s/ Sylvia E. Simson*
Sylvia E. Simson

CC (by ECF): All counsel of record