

245 Fischer Avenue, Unit D1<br>
Costa Mesa, CA 92626<br>
Telephone:  (800) 400-6808<br>
Facsimile:  (800) 520-5523<br>
www.kazlg.com

February 15, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Curtis v. JPMorgan Chase Bank*, Case No. 22-cv-10286, Pltf's Letter Response in Opp'n

Dear Judge Schofield:

Pursuant to the Court's January 30, 2023, Order, ECF No. 29, Plaintiff Keanna Curtis ("Curtis" or "Plaintiff") submits this letter response in opposition to the February 8, 2023, letter, ECF No. 33, filed by Defendants JPMorgan Chase Bank, N.A. ("Chase") and Early Warning Service, LLC ("Zelle") (jointly, "Defendants").

Plaintiff Curtis is a college student who needed remote work. She believed she had found a job that could accommodate her school schedule and was instructed by her employer to deposit a check to her Chase account to cover equipment. She was then instructed to send the money via Zelle to a different individual to obtain the equipment. In the meantime, Chase informed her that the funds were on hold. Upon realizing she was a fraud victim and had lost $1,900, she immediately reported the fraud to Chase and later to Zelle. Contravening their investigation and reimbursement obligations under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693(b), Defendants refused to refund Plaintiff for the amounts taken from her account. Plaintiff filed a federal lawsuit on behalf of herself, and all other persons similarly situated, to recover funds and obtain an injunction on behalf of the general public to prevent Defendants from continuing their illegal and unfair practices.

Defendants' letter previews their motion to compel arbitration, supported by six exhibits totaling 261 pages in length, including four stand-alone agreements, purportedly all with arbitration clauses. But Defendants offer no evidence of a meeting of the minds and manifestation of mutual assent *by Plaintiff* to each of these agreements and as to *both Defendants*. Nor do Defendants explain which of the agreements each seeks to enforce or whether each Defendant seeks to enforce all of the agreements, e.g., whether Zelle can enforce Chase's *Zelle* Service Agreement.[1] The mere fact that Plaintiff is an internet banking customer is not enough, because "[w]hen it comes to digital contract formation, courts also evaluate visual evidence that

---

[1] Two of the agreements attached to Defendants' letter, the Deposit Account Agreement and Privacy Notice (Exhibit 2, ECF No. 33-2) and the Digital Services Agreement (Exhibit 3, ECF No. 33-3), are plainly inapplicable because both were effective *after* the date of Plaintiff's injury.

**CALIFORNIA  -  NEVADA  -  TEXAS  -  ARIZONA  -  MINNESOTA  -  WASHINGTON**

demonstrates whether a website user has actual or constructive notice of the conditions." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 103 (2d Cir. 2022) (citation omitted).

Beyond the basic contract formation problem raised by Defendants' letter, the agreements submitted are also unconscionable. Plaintiff did not assent to waive statutory rights critical to Plaintiff and consumers. In sum, Defendants' request to compel arbitration as to *both Defendants* and as to *all claims* is an overreach, and Defendants fall far short of their burden to show that all Plaintiff's claims must be arbitrated as a matter of law. The parties have agreed to a briefing schedule, and this Court should defer any merits decision absent full briefing.

I. **There Are No Enforceable Arbitration Agreements Because There Was No Meeting of the Minds and Manifestation of Mutual Assent.**

In deciding a motion to compel arbitration, a court must resolve the threshold issue of whether an agreement to arbitrate exists, a question governed by state contract law. When deciding this question, courts "apply a standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (citation omitted). The party seeking to compel arbitration bears the initial burden to demonstrate an agreement to arbitrate was made. *Zachman*, 49 F.4th at 101-02. To determine if there was a meeting of the minds and manifestation of mutual assent in web-based contracts, courts consider the reasonable conspicuousness of the web interface to place the consumer on inquiry notice of the contract terms. *Id.* at 102. *See also Nicosia*, 834 F.3d at 233 ("Whether there was notice . . . depends heavily on the design and content of that webpage[.]"). Absent evidence regarding how the agreement was presented to users, including the plaintiff, courts cannot resolve whether the plaintiff was on inquiry notice and must find that no agreement to arbitrate exists. *Zachman*, 49 F.4th at 103. Defendants' letter fails to show that Plaintiff had inquiry notice—and therefore assented—to the various agreements with arbitration terms. Absent this showing as to both Defendants for all claims, Defendants' request to arbitrate must be denied.

II. **The Agreements Are Unconscionable and Unenforceable.**

Even if Defendants could show mutual assent, generally applicable contract defenses, including the defense of unconscionability, apply to the agreements and vitiate their enforceability. A contract is unconscionable when it "is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." *Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E.2d 824, 828 (N.Y. 1988) (citation omitted). Unconscionability has a procedural element, which requires showing an "absence of meaningful choice," and a substantive element, which requires the contract terms to be "unreasonably favorable to the other party." *Id.* (citation omitted). Here, both elements support the unconscionability of the various agreements.

Defendants' agreements are procedurally unconscionable based on undisputed facts. Defendants possess superior bargaining power as large financial institutions, Defendants drafted the agreements, and Defendants presented the agreements to Plaintiff on a take-it-or-leave-it basis. The agreements are also substantively unconscionable because they unreasonably favor

Defendants in preventing Plaintiff from exercising her statutory rights under EFTA and N.Y. Gen. Bus. Law §§ 349, 350. The agreements do this in three ways.

*First*, the agreements impermissibly waive Plaintiff's right to public injunctive relief. New York law precludes waiving statutory rights affecting the public interest. *See Estro Chem. Co. v. Falk*, 100 N.E.2d 146, 148 (N.Y. 1951). Under this principle, arbitration clauses waiving a statutory right to injunctive relief are unenforceable for contravening public policy. *See McGill v. Citibank, N.A.*, 393 P.3d 85, 95 (Cal. 2017). At least one judge in this Court has recognized "a credible argument, then, that a waiver of an individual's right to seek an injunction to protect the public at large contravenes the statutory policy behind section 349(h)." *Schatz v. Cellco P'ship*, 842 F. Supp. 2d 594, 612 (S.D.N.Y. 2012) (Holwell, J.). Here, Plaintiff seeks relief on behalf of a New York Subclass, so the relief she seeks is public. But the agreements try to restrict Plaintiff's ability to obtain such relief. *See* ECF No. 33-2 at ECF p. 27. This waiver contravenes public policy, as section 349 is "directed at wrongs against the consuming public." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995).

*Second*, the agreements impermissibly waive Plaintiff's right to seek punitive damages. Both EFTA, 15 U.S.C. § 1693f(e)(2), and N.Y. Gen. Bus. Law § 349(h), entitle consumers to treble damages for knowing and/or willful violations. These statutes are infringed by agreement terms waiving Plaintiff's right to seek punitive damages. *See, e.g.*, ECF No. 33-3 at ECF pp. 86-87 (stating Chase shall not be liable for any punitive damages). Arbitration agreements cannot prevent a plaintiff from effectively vindicating her causes of action in the arbitral forum. *See DeGaetano v. Smith Barney, Inc.*, 983 F. Supp. 459, 464-69 (S.D.N.Y. 1997) (holding waiver of plaintiff's right to attorney's fees under Title VII violated public policy). By stripping Plaintiff of her right to seek punitive damages the agreements vitiate any chance of an effective arbitral forum.

*Third*, the agreements, which are contracts of adhesion, impermissibly shorten the statute of limitations for Plaintiff's claims to two years. *See* ECF No. 33-2 at ECF p. 26. Contracts limiting the right to sue to a period shorter than the statute of limitations "are not looked upon with favor" because they derogate statutory limitations. *Hurlbut v. Christiano*, 405 N.Y.S.2d 871, 873 (N.Y. App. Div. 1978) (citation omitted). Contractual limitations should be construed "with strictness against the party invoking them." *Id.* (citation omitted). Additionally, specific to contracts of adhesion, contractual shortening of statutory periods is not enforceable. *Timberline Elec. Supply Corp. v. Insurance Co. of N. Am.*, 421 N.Y.S.2d 987, 988 (N.Y. App. Div. 1979). Here, Plaintiff's breach of contract claim, ordinarily subject to a statute of limitation period of six years, is barred by the agreements after two years, which is an unconscionable limitation.

Plaintiff will oppose Defendants' Motion to Compel Arbitration. Plaintiff and her counsel thank the Court for its consideration of this matter and respectfully request that any merits decision be deferred until completion of full briefing.

Respectfully,

/s/ Abbas Kazerounian, Esq.
Abbas Kazerounian, Esq.
Attorney for Plaintiff