UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEANNA CURTIS and MIRANDA JANE BENNETT-MORALES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A.; and EARLY WARNING SERVICES, LLC d/b/a ZELLEPAY.COM,<br><br>    Defendants. | Case No.1:22-cv-10286<br><br>**DECLARATION OF KEANNA CURTIS** |

I, Keanna Curtis, of lawful age, being duly sworn, declare as follows:

I submit this Declaration in support of Plaintiffs' Opposition to JP Morgan Chase Bank, N.A.'s and Early Warning Services, LLC's Joint Motion to Compel Individual Arbitration and Stay This Action. I have personal knowledge of the facts stated herein. If called to testify to the contents of this declaration, I could and would competently do so.

  1.  On October 7, 2019, when I was eighteen (18) years of age, I applied for and opened a college checking account with Chase at a local branch office in Baldwin, New York, 1235 Grand Ave., North Baldwin, New York 11510.

  2.  While at the Chase local branch office, I recall completing an account application, but I do not recall being provided with a hard copy of the 2019 Deposit Account Agreement. If the 2019 Deposit Account Agreement was provided to me, which I do not recall, I do not currently possess it.

  3.  While I recall that I may have clicked a box and signed my name, I do not recall reading any agreements, nor did I understand or intend to agree to binding arbitration over any dispute relating to my Chase account.

4. The only information I was provided about Zelle or Chase QuickPay at the time I opened my account was that such services existed. No Chase employee or representative informed me that any issue I could possibly have with my Chase checking account or any transaction involving Zelle would be subject to binding arbitration.

5. At some point after opening my Chase checking account, I created an online account so that I could have electronic access to my Chase account via its website and the Chase mobile app.

6. At no time, through the present, did I intend to agree to be bound by the terms of any arbitration provision purportedly covering any possible dispute with Chase or any transaction involving Zelle.

7. At no time, through the present, did I intend to agree to waive my right to a jury trial or my right to seek relief in court for any dispute relating to my Chase account or any transaction involving Zelle.

8. At no time, through the present, did I intend to agree to waive my right to join a class action or act on the behalf of the general public in any dispute relating to my Chase account or any transaction involving Zelle.

9. At no time, through the present, did I intend to agree to delegate questions about the validity of an arbitration clause to an arbitrator in any dispute relating to my Chase account or any transaction involving Zelle.

10. At no time, through the present, did I intend to agree to allow Chase or Zelle to unilaterally modify any agreement we may have entered.

11. At no time, through the present, did I intend to agree to being bound to arbitration under American Arbitration Association ("AAA") rules. I am unfamiliar with arbitration

proceedings and any specific AAA rules, nor do I recall the rules being provided to me by Chase at any time up to the present.

12. Prior to the incidents at issue in this case, and my review of Chase and Zelle's motion to compel arbitration, I was unaware that Chase supposedly provided me with links to documents containing binding arbitration provisions that require any disputes to be submitted to arbitration. If these links were provided to me, for example, at the time I logged in, I have no recollection of clicking on the links.

13. I have no recollection of receiving any agreements sent by email from Chase or Zelle.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 06 , 2023.

*Keanna Curtis*

Keanna Curtis

4871-1504-1112, v. 3

3