

Sylvia Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

April 10, 2023

**BY ECF**

Hon Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Application **GRANTED IN PART.** Defendants may file up to two additional declarations in support of their motion. Defendants shall file a joint reply, not to exceed six pages. In their letter of February 27, 2023, Defendants referred to their motion as a joint motion and the briefing schedule and page limitations entered in the order issued February 28, 2023, reflected this. In light of the conflict with one of the declarants, Defendants shall file their reply no later than **April 18, 2023.** So Ordered.
>
> Dated: April 11, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**Re:** *Curtis v. JPMorgan Chase Bank, N.A.*, **No. 22-CV-10286 (S.D.N.Y.)–Request to File Additional Declarations and Pages and for a Brief Extension of Time to File Reply In Further Support of Pending Motion to Compel Arbitration**

Dear Judge Schofield:

We write on behalf of JPMorgan Chase Bank, N.A. ("Chase"), who we represent, and Early Warning Services, LLC ("EWS") to respectfully request: (A) leave from this Court to file two supplemental declarations in connection with reply briefing on Defendants' Joint Motion to Compel Individual Arbitration and Stay This Action (Doc. No. 45) (the "Motion"); (B) permission for Chase and EWS to file separate reply briefs, with several additional pages for Chase to address the many legal arguments Plaintiffs have made in opposing the Motion; and (C) a brief, one-week extension of time to file reply briefing, *i.e.*, until Friday, April 21, 2023, to address the many legal arguments Plaintiffs have made and also because one of the two Chase declarants is currently out of the office and will not return until next week (and thus after the current deadline of April 14, 2023 has passed). Each of these requests is addressed in turn below.

### A. Supplemental Declarations

Defendants seek leave from this Court to file supplemental declarations from the two branch manager declarants (*see* Doc. Nos. 49 and 50) to rebut Plaintiffs' assertion that the "Click to Sign process requires that at some point in the process the Chase banker is given 'Authorization . . . to Electronically Sign on Behalf of Customer.'" Opp. at 9. This argument suggests that Plaintiffs did not themselves sign when opening their accounts and/or that Chase representative(s) signed for Plaintiffs, which is not correct and which declarations from the branch managers will address. It is to be noted that Plaintiffs already submitted their respective declarations (*see* Doc. Nos. 53 & 54) that did ***not*** state that they did not sign on their own behalf; to the contrary, both Plaintiffs say they "recall completing an account application, Ms. Curtis acknowledged that she "may have clicked a box and signed [her] name," and Ms. Bennett-Morales acknowledged that Chase may have "required [her] to digitally sign [her] name, check a box, or click a button." Doc. No. 53 ¶¶ 2-3; Doc. No. 54 ¶¶ 2-3. As such, Plaintiffs have already addressed this issue in opposing

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

April 10, 2023
Page 2

the Motion and it is only fair that Defendants rebut it on reply, also via testimony given by declaration.  *See, e.g., Yorke v. TSE Grp. LLC*, No. 18-CV-5268 (JMF), 2019 U.S. Dist. LEXIS 119102, at *4 (S.D.N.Y. July 17, 2019) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (internal citation and quotation omitted).

### B. Separate Replies and Additional Pages on Reply

Via the February 28, 2023 order (the "February Order"), Your Honor previously ordered that "[a]ny memorandum of law filed in connection with the motion shall not exceed eighteen pages. Plaintiff(s) shall file their opposition, not to exceed eighteen pages . . . . Defendants shall file their reply, not to exceed six pages."  (Doc. No. 41).  Chase and EWS seek clarification that they may file separate replies, given that Plaintiffs address the Defendants and their respective ability to compel arbitration separately.  *See, e.g.*, Opp. at 15-18 (making EWS-specific arguments).  To the extent that the Court would prefer that Defendants file a joint reply, Defendants respectfully request that EWS be afforded an additional 3 pages to address the EWS-specific arguments made by Plaintiffs in their Opposition.

In addition, given the number of legal arguments made by Plaintiffs in their Opposition, Chase respectfully requests leave to submit a reply that is ten pages long, consistent with Your Honor's Rule III(B)(I).  If EWS is permitted to file its own reply, it does not need additional pages than those provided by this Court's February Order.  Should this Court prefer a joint reply, the Defendants request 13 pages total, 3 of which will address EWS's specific arguments as to why it, too, should be permitted to compel arbitration under Plaintiffs' agreements to arbitrate with Chase.

### C. Brief Extension of Time to Submit Reply Briefing

Finally, Defendants request a brief, one-week extension pursuant to Rule I(B)(2) to submit their reply briefing in further support of the Motion, *i.e.*, until April 21, 2023.  Plaintiffs have made a number of legal arguments in their Opposition and Defendants respectfully request some additional time to rebut them.  In addition, one of the branch manager declarants is out of the office this week and is needed to address the issue regarding Chase's "Click-to-Sign" procedure, as discussed in Part A above.  This is Defendants' first requested extension of time to reply in further support of the Motion and this request will not affect any other deadlines associated with the Motion.  Defendants have sought Plaintiffs' consent to the requested one-week extension of time to reply and they have declined to consent to this request as well as to the submission of any further declarations.

We appreciate the Court's consideration of these requests and are available should the Court have any questions.

Respectfully submitted,

*/s/ Sylvia E. Simson*

Sylvia E. Simson

CC (by ECF):  All counsel of record