**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEANNA CURTIS and MIRANDA JANE BENNETT-MORALES, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A., and EARLY WARNING SERVICES, LLC D/B/A ZELLEPAY.COM<br><br>              Defendants. | No. 1:22-cv-10286-LGS<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF JPMORGAN CHASE BANK, N.A.'S AND EARLY WARNING SERVICES, LLC'S JOINT MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THIS ACTION**

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    I.      This Court's Own Rules Undermine Plaintiffs' Procedural Challenge ......................... 1

    II.     Plaintiffs Cannot Refute They Agreed To Multiple Agreements To Arbitrate ............. 1

    III.    Plaintiffs Have Not Established That The Agreements Are Unconscionable. ............. 4

    IV.    The Agreements Also Allow EWS To Individually Arbitrate Plaintiffs' Claims .......... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anonymous v. JP Morgan Chase & Co.*,
   2005 WL 2861589 (S.D.N.Y. Oct. 31, 2005) ........................................................................... 4

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
   612 F. App'x 430 (9th Cir. 2015) ............................................................................................ 6

*Brennan v. Bally Total Fitness*,
   198 F. Supp. 377 (S.D.N.Y. 2002) .......................................................................................... 4

*Capriole v. Uber Techs., Inc.*,
   7 4th 854 (9th Cir. 2021) ......................................................................................................... 5

*Carr v. Credit One Bank*,
   2015 WL 9077314 (S.D.N.Y. Dec. 16, 2015) ......................................................................... 4

*Cimillo v. Experian Info. Sols., Inc.*,
   2023 WL 2473403 (S.D.N.Y. Mar. 13, 2023) ......................................................................... 3

*Ciprianni v. Omni La Costa Resort & Spa*,
   2017 WL 1281856 (S.D. Cal. Apr. 6, 2017) ............................................................................ 3

*Collins v. BMW of N. Am., LLC*,
   2021 WL 242938  (S.D. Cal. Jan. 25, 2021) ............................................................................ 6

*Crawford v. Beachbody, LLC*,
   2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ........................................................................... 3

*Dornaus v. Best Buy Co., Inc.*,
   2019 WL 632957 (N.D. Cal. Feb. 14, 2019) ........................................................................... 5

*Filipkowski v. Bethpage Fed. Credit Union*,
   2021 WL 826016, (E.D.N.Y. Mar. 4, 2021) ............................................................................ 3

*Frankel v. Citicorp Ins. Servs., Inc.*,
   2014 WL 10518555 (E.D.N.Y. Aug. 12, 2014), *adopted by*
   2015 WL 6021534 (E.D.N.Y. Oct. 14, 2015) .......................................................................... 5

*Fteja v. Facebook, Inc.*,
   841 F. Supp. 2d 829 (S.D.N.Y. 2012) ..................................................................................... 3

*Galvez v. JetSmarter, Inc.*,
  2019 WL 4805431 (S.D.N.Y. Sept. 30, 2019) .................................................................. 3

*Henricks v. Flywheel Sports, Inc.*,
  2020 WL 1285453 (S.D.N.Y. Mar. 18, 2020) .................................................................. 3

*Herrera v. Manna 2nd Avenue LLC*,
  2022 WL 2819072 (S.D.N.Y. July 18, 2022) ................................................................... 3

*Hodges v. Comcast Cable Comms'ns, LLC*,
  21 F.4th 535 (9th Cir. 2021) ............................................................................................ 5

*Johnson v. JPMorgan Chase Bank, N.A*,
  2018 WL 4726042 (C.D. Cal. Sept. 28, 2018) ................................................................ 5

*Lee v. Tesla, Inc.*,
  2020 WL 10573281 (C.D. Cal. Oct. 1, 2020) .................................................................. 5

*Levy v. Credit Plus, Inc.*,
  2023 WL 2644352 (S.D.N.Y. Mar. 27, 2023) .................................................................. 3

*Mayaguez S.A. v. Citigroup, Inc.*,
  2018 WL 1587597 (S.D.N.Y. Mar. 28, 2018) .................................................................. 4

*McDaniel v. Home Box Off., Inc.*,
  2023 WL 1069849 (S.D.N.Y. Jan. 27, 2023) ................................................................... 3

*Meyer v. Uber Techs., Inc.*,
  868 F.3d 66 (2d Cir. 2017) .............................................................................................. 3

*MK West Street Co. v. Meridien Hotels, Inc.*,
  184 A.D.2d 312 (1st Dep't 1992) .................................................................................... 6

*Moise v. Fam. Dollar Stores of New York, Inc.*,
  2017 WL 2378193 (S.D.N.Y. June 1, 2017) ................................................................... 3

*Moss v. Rent-A-Ctr., Inc.*,
  2007 WL 2362207 (E.D.N.Y. Aug. 15, 2007) ................................................................. 4

*Nayal v. HIP Network Servs. IPA Inc.*,
  630 F. Sup. 2d 566 (S.D.N.Y. 2009) ............................................................................... 4

*Nicholas v. Wayfair Inc.*,
  410 F. Supp. 3d 448 (E.D.N.Y. 2019) ......................................................................... 5, 6

*Perry v. MLB Advanced Media, L.P.*,
   2018 WL 5861307 (C.D. Cal. May 30, 2018) ............................................................. 4, 5

*Plazza v. Airbnb, Inc.*,
   289 F. Supp. 3d 537 (S.D.N.Y. 2018) .......................................................................... 4

*Ponkey v. LLR, Inc.*,
   2021 WL 4595801 (C.D. Cal. Aug. 5, 2021) ............................................................... 5

*Serrano v. Macys W. Stores, Inc.*,
   2020 WL 6083439 (C.D. Cal. July 9, 2020) ................................................................ 3

*Shen v. United Parcel Service*,
   2022 WL 17886012, at *4 (C.D. Cal. Nov. 21, 2022) ................................................. 3

*Skillern v. Peloton Interactive, Inc.*,
   2022 WL 3718279 (S.D.N.Y. Aug. 29, 2022) ............................................................. 3

*Sponheim v. Citibank, N.A.*,
   2019 WL 2498938 (C.D. Cal. June 10, 2019) ............................................................. 5

*Stern v. Espeed, Inc.*,
   2006 WL 2741635 (S.D.N.Y. Sept. 22, 2006) ......................................................... 4, 5

*Stout v. Grubhub Inc.*,
   2021 WL 5758889 (N.D. Cal. Dec. 3, 2021) ............................................................... 5

*Vandewater & Lapp v. Sacks Builders, Inc.*,
   176 N.Y.S.2d 103 (N.Y. App. Term 1959) ................................................................. 6

*Warner v. U.S. Sec. & Futures Corp.*,
   257 A.D.2d 545 (1st Dep't 1999) ................................................................................ 6

*Wechsler v. HSBC Bank USA, N.A.*,
   674 F. App'x 73 (2d Cir. 2017) ................................................................................... 6

*Wright v. Sirius XM Radio Inc.,*
   2017 WL 4676580 (C.D. Cal. June 1, 2017) .............................................................. 5

*Youssofi v. Wells Fargo Bank, Nat'l Ass'n*,
   2016 WL 11770361 (S.D. Cal. Oct. 24, 2016) ............................................................ 3

*Zalkind v. Ceradyne, Inc.*,
   194 Cal. App. 4th 1010 (Cal. App. 2011) ................................................................... 6

None of Plaintiffs' arguments in response to the Motion leaves any doubt that they agreed to individually arbitrate the claims asserted in the Amended Complaint under the DAA, DSA, and/or the Zelle Agreement. Neither Plaintiff denies personally completing the "Click to Sign" process—which involved her scrolling through the DAA and then clicking an "Acknowledge" button to recognize acceptance to its terms—and then executing a Signature Card, which further acknowledges receipt of and an agreement to be bound by the DAA.[1] Nor does either Plaintiff deny affirmatively clicking boxes acknowledging that she had read and accepted the terms of the DSA and Zelle Agreement, both conspicuously provided for review by hyperlink. These concessions warrant an order compelling the parties to individually arbitrate Plaintiffs' claims.

## ARGUMENT

### I. This Court's Own Rules Undermine Plaintiffs' Procedural Challenge

As an initial matter, Plaintiffs argue that Defendants should have submitted full (and not excerpted) exhibits and the failure to do so warrants denying the Motion. *See* Opp. at 1-2, 6-8. But Defendants excerpted these exhibits to ensure compliance with this Court's Individual Rule III(B)(3), which explicitly states that exhibits shall "each not [] exceed 15 pages" and "shall be excerpted to include only relevant material." Defendants also complied with this rule by including the relevant portions of each agreement, including their arbitration provisions.[2]

### II. Plaintiffs Cannot Refute They Agreed To Multiple Agreements To Arbitrate

Plaintiffs take out of context the "would have" language in Defendants' declarations to suggest that Defendants did not put before the Court what Plaintiffs "actually" saw and did during the "Click to Sign" process and in opening their Accounts. Opp. at 4, 9. This is factually incorrect.

---

[1] *See* Curtis Decl. ¶¶ 2-3, 5; Bennett-Morales Decl. ¶¶ 2-3, 5. Nor do Plaintiffs contend that they opted out of arbitration, as they did not. Rec. Doc. 47 (Garrett Decl.) ¶¶ 4-5.
[2] Defendants can submit courtesy copies of the agreement exhibits in full, consistent with Rule III(B)(3), or submit supplemental declarations annexing full agreements upon the Court's request.

Both branch manager declarations annexed Plaintiffs' account opening documents, including the DAA version that each Plaintiff scrolled through and acknowledged in 2019 and then reaffirmed assent thereto by signing a Signature Card.[3]  Defendants also submitted a visual depiction of the flow and sequence of the "Click to Sign" process in 2019 when the Accounts were opened.[4]

Plaintiffs rely on a tab in this depiction to claim that the "Click to Sign" process involves passing authorization to Chase representatives to sign the DAA for its customers. *See* Opp. at 9. Plaintiffs' strained reading should be rejected, as the only limited scenario in which such authorization to a banker can be provided is where a customer has a disability (*e.g.*, is unable to control a computer mouse), in which case they must provide written consent and have two witnesses attest to same.[5] Neither Plaintiff was (or contends she was) so disabled nor do the bank's records reflect that any such consent was given.[6] When the "would have" language is viewed in context, the declarants explain how Plaintiffs would have not been permitted to open their Accounts had they not assented to the terms of the DAA, which they did.[7]

With respect to the DSA and Zelle Agreement, Plaintiffs take issue with the fact that the agreements were provided to Plaintiffs by hyperlink and that the enrollment screen did not specifically notify them about arbitration.  Opp. at 9-10.[8]  But courts in this Circuit have, time and time again and applying both NY and CA law, deemed notice of an arbitration clause sufficient and thus enforceable where the hyperlinked text was reasonably conspicuous, as is the case in this

---

[3] Heyen Decl. ¶¶ 3-4, 18-21, 29-30 and Ex. A at 1-7; Martinez Decl. ¶¶ 3-4, 17-20, 28-29 and Ex. A at 1-7.
[4] Heyen Decl. Ex. B.
[5] Heyen Supp. Decl. ¶¶ 4, 6; Martinez Supp. Decl. ¶¶ 4, 6.
[6] *See* Heyen Supp. Decl. ¶¶ 3, 5; Martinez Supp. Decl. ¶¶ 3, 5.
[7] Heyen Decl. ¶¶ 4, 11-12, 18-21, 29-30, Supp. Decl. ¶ 2; Martinez Decl. ¶¶ 4, 10-11, 17-20, 28-29, Supp. Decl. ¶ 2.
[8] Plaintiffs are incorrect to suggest that Chase did not provide a visual depiction of what the DSA enrollment would have looked like for both Plaintiffs.  *Compare* Opp. at 9 *with* Kesterson Decl. ¶¶ 11, 21 & Ex. D.  So too is their suggestion that the Zelle Agreement does not apply to Ms. Bennett-Morales.  *See* Opp. at 5, 16.  While Plaintiffs are correct Chase's records reflect she agreed to the Zelle Agreement on February 15, 2023, *see id.* and Kesterson Decl. ¶ 26, she did not become a named Plaintiff until the Amended Complaint was filed on March 2, 2023.  (Rec. Doc. 42).

2

action.[9] Finding, as Plaintiffs suggest, that the existence of a binding individual arbitration provision need be specifically identified on an electronic agreement enrollment or registration page—even if the entire agreement is itself readily available by hyperlink and an acknowledgment of review and agreement to be bound is required—would upend swaths of precedent holding that, in this modern age, providing the user with visible access to the full agreement by hyperlink and "reasonable notice that a click will manifest assent to an agreement" is enough. *Meyer*, 868 F.3d at 75-78 (discussing *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 839-40 (S.D.N.Y. 2012)).[10]

Finally, that Plaintiffs do not recall receiving a "hard copy" DAA and did not "intend" to agree to arbitrate any claims—as alleged in their declarations—is beside the point[11] and does not change the fact that they manifested assent.[12] Plaintiffs also make a last-ditch attempt to position

---

[9] *See, e.g., Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 78-79 (2d Cir. 2017); *Levy v. Credit Plus, Inc.*, 2023 WL 2644352, at *7 (S.D.N.Y. Mar. 27, 2023); *Cimillo v. Experian Info. Sols., Inc.*, 2023 WL 2473403, at *5-6 (S.D.N.Y. Mar. 13, 2023); *McDaniel v. Home Box Off., Inc.*, 2023 WL 1069849, *3 (S.D.N.Y. Jan. 27, 2023); *Henricks v. Flywheel Sports, Inc.*, 2020 WL 1285453, at *5 (S.D.N.Y. Mar. 18, 2020); *see also, e.g., Shen v. United Parcel Service*, 2022 WL 17886012, at *4 (C.D. Cal. Nov. 21, 2022) ("There is no special rule . . . [to] specifically highlight or otherwise bring an arbitration clause to the attention of the consumer to render [it] enforceable.") (quotation and citation omitted).

[10] In *Fjeta*, this District recognized that "at least for those to whom the internet is in an indispensable part of daily life, clicking the hyperlinked phrase is the twenty-first century equivalent of turning over the cruise ticket." 841 F. Supp. 2d at 839-40. Indeed, "[i]n both cases, the consumer is prompted to examine terms of sale that are located somewhere else. Whether or not the consumer bothers to look is irrelevant. Failure to read a contract before agreeing . . . does not relieve a party of its obligations [there]under." *Id.* (finding plaintiff "informed of the consequences of his assenting click and he was shown, immediately below, where to click to understand those consequences. That was enough.").

[11] *See, e.g., Herrera v. Manna 2nd Avenue LLC*, 2022 WL 2819072, at *6 (S.D.N.Y. July 18, 2022) ("Plaintiffs' failure to understand the terms of the Arbitration Agreement does not relieve them from being bound . . . once they signed . . ."); *Serrano v. Macys W. Stores, Inc.*, 2020 WL 6083439, at *3 (C.D. Cal. July 9, 2020) ("proffered subjective intent"—that would not have electronically signed an agreement to arbitrate"—"is not enough to rebut the evidence of her electronic signature"); *Moise v. Fam. Dollar Stores of New York, Inc.*, 2017 WL 2378193, at *2-4 (S.D.N.Y. June 1, 2017) (lack of recollection of receipt of agreement and "failure to read or understand" is insufficient to avoid arbitration); *Youssofi v. Wells Fargo Bank, Nat'l Ass'n*, 2016 WL 11770361, at *4 (S.D. Cal. Oct. 24, 2016) (customer signed banking application, which incorporated "easily available" agreement with arbitration clause, and failure to read it is "irrelevant," as is failure to receive a copy, as Plaintiff had "ability to ask for a copy of the pertinent terms").

[12] Plaintiffs suggest that Defendants have not shown the process by which Plaintiffs agreed to later-in-time versions of the various agreements at issue, and relatedly argue that statements in agreements that they may be amended by the bank over time are insufficient. *See* Opp. at 5 n.2, 9-10. But it is well-settled that institutions may exercise their right to amend customer or member agreements from time to time and that their arbitration provisions remain enforceable. *See, e.g., Skillern v. Peloton Interactive, Inc.*, 2022 WL 3718279, at *5 (S.D.N.Y. Aug. 29, 2022) (citing *Galvez v. JetSmarter, Inc.*, 2019 WL 4805431, at *5 (S.D.N.Y. Sept. 30, 2019)); *Filipkowski v. Bethpage Fed. Credit Union*, 2021 WL 826016, at *5 (E.D.N.Y. Mar. 4, 2021); *Galvez.*, 2019 WL 4805431, at **5-6; *Ciprianni v. Omni La Costa Resort & Spa*, 2017 WL 1281856, at **1, 3 (S.D. Cal. Apr. 6, 2017) (all compelling arbitration, in both New York and California); *see also Crawford v. Beachbody, LLC*, 2014 WL 6606563, at *6 (S.D. Cal. Nov. 5, 2014).

their claims as falling outside the scope of the arbitration provisions, Opp. at 15, but this falls flat. The provisions are undeniably broad, covering, at least, "any" claims or disputes relating to the Accounts, Plaintiffs' ongoing use of Chase's online system tied to them, and Zelle.  Mot. at 3-9.

### III. Plaintiffs Have Not Established That The Agreements Are Unconscionable.

Plaintiffs have failed to meet their burden of establishing procedural *and* substantive unconscionability.  As to the former, that argument fails as Plaintiffs were free "to walk away . . . at any time" or "contract with other financial institutions" if they did not want to agree to the DAA (or any other agreements), and certainly have not alleged "any pressure or duress" in their declarations or otherwise evidenced "facts suggesting that [they] lacked 'meaningful choice.'" *Mayaguez S.A. v. Citigroup, Inc*., 2018 WL 1587597, at **13-15 (S.D.N.Y. Mar. 28, 2018).[13,14] The location of the arbitration clause within the agreements does not change this result.  *See Plazza v. Airbnb, Inc.*, 289 F. Supp. 3d 537, 554 (S.D.N.Y. 2018) ("placement of the arbitration clause towards the end of a long agreement" is irrelevant, as it was "found under a bolded heading").[15]

As for the latter, Plaintiffs are not truly seeking "public" injunctive relief here.[16]  Plaintiffs are not asserting claims on behalf of the public; they are asserting claims and seeking relief on

---

[13] *Mayaguez* distinguished *Brennan v. Bally Total Fitness*, 198 F. Supp. 377, 383 (S.D.N.Y. 2002), cited by Plaintiffs on page 12 of their Opposition, including because it was in the employer-employee context, "high-pressure tactics" were employed to sign the agreement after the employee had complained of harassment (including the threat of not being considered for promotion), and "plaintiff reasonably believed that she would be terminated if she did not sign the agreement." *Mayaguez,* 2018 WL 1587597, at *15.  No such "pressure" tactic was exerted in this case.  *See also, e.g., Moss v. Rent-A-Ctr., Inc*., 2007 WL 2362207, at **5-6 (E.D.N.Y. Aug. 15, 2007) (distinguishing *Brennan* and noting "[i]f plaintiffs did not understand  . . . the burden was upon them . . .  before placing their signatures on the agreement").  Plaintiffs also mischaracterize *Nayal v. HIP Network Servs. IPA Inc*., 630 F. Sup. 2d 566, 571 (S.D.N.Y. 2009) on page 11 of the Opposition, omitting the fact that this case made clear that "high pressure tactics" were also required to find absence of choice.  That said, this case supports Defendants' Motion, not the Opposition.

[14] *See also, e.g., Perry v. MLB Advanced Media, L.P*., 2018 WL 5861307, at *5 (C.D. Cal. May 30, 2018) (collecting NY and CA hyperlink cases finding no procedural unconscionability); *Carr v. Credit One Bank*, 2015 WL 9077314, at *3 (S.D.N.Y. Dec. 16, 2015) ("It may be that the plaintiff had 'no choice but to accept the arbitration clause' if she wanted this credit card, but that would not help her."); *Anonymous v. JP Morgan Chase & Co*., 2005 WL 2861589, at *6 (S.D.N.Y. Oct. 31, 2005) ("plaintiff was "free to go to other credit card issuers").

[15] To be clear, the clauses are not "in fine print" but rather are "written in clear language and rel[y] on capital lettering and/or bold print in key sections." *Stern v. Espeed, Inc.*, 2006 WL 2741635, at **3-4 (S.D.N.Y. Sept. 22, 2006).

[16] While the words "public injunctive relief" are contained in their Prayer for Relief, Plaintiffs in reality are pursuing monetary damages on behalf of the putative class.  *See* Am. Compl. (Rec. Doc. 42) ¶¶ 186, 197, 204, 210, 221-222.

behalf of themselves and a putative class of Chase customers, the size of which is irrelevant.[17] Case law teaches that such claims do not implicate California's public injunctive relief doctrine as described in *McGill*.[18] Courts also have repeatedly rejected attempts to avoid arbitration by similar *pro forma* requests for injunctive relief.[19] Even if Plaintiffs were seeking such relief (and they are not), they are incorrect in claiming that "every iteration of Chase's agreement" expressly precludes such relief. Opp. at 13.[20] As for the New DSA, *see* Opp. at 13, and the latest DAA, they state that any purported "public" injunctive relief claim could still proceed in court.[21] At a minimum, claims seeking monetary and other relief, and "all questions of liability," should be arbitrated.[22]

With respect to punitive damages, the DAA does not include such limitation, and Plaintiffs do not contend to the contrary. *See* Opp. at 3-14. As for the others, "[a]n agreement to prohibit punitive or exemplary damages is not unreasonable," *Nicholas v. Wayfair Inc.,* 410 F. Supp. 3d 448, 455-56 (E.D.N.Y. 2019), but "the proper course is to compel arbitration and for the arbitrator to construe the limitations." *Ponkey v. LLR, Inc.*, 2021 WL 4595801, at *7 (C.D. Cal. Aug. 5, 2021); *see also Stern, Inc.*, 2006 WL 2741635, at **3-4.[23] Plaintiffs' statute of limitations

---

[17] *See, e.g., Johnson v. JPMorgan Chase Bank, N.A*, 2018 WL 4726042, *7 (C.D. Cal. Sept. 28, 2018) (finding the "individuals that stand to benefit are still an inherently circumscribed group" and "size of a class cannot, on its own, elevate a class action . . . into a matter seeking public injunctive relief").

[18] *See, e.g., Hodges v. Comcast Cable Comms'ns, LLC*, 21 F.4th 535, 540-48 (9th Cir. 2021); *Capriole v. Uber Techs., Inc.*, 7 4th 854, 870-71 (9th Cir. 2021); *Johnson*, 2018 WL 4726042, *7 (finding *McGill* inapplicable).

[19] *E.g., Sponheim v. Citibank, N.A.*, 2019 WL 2498938, at **4-6 (C.D. Cal. June 10, 2019) (collecting cases, including *Johnson*, 2018 WL 4726042, *7 and *Wright v. Sirius XM Radio Inc.*, 2017 WL 4676580, *9 (C.D. Cal. June 1, 2017)). And GBL claims have been compelled to arbitrate "[e]ven when an . . . agreement expressly undermines the availability of a public injunction." *Frankel v. Citicorp Ins. Servs., Inc.*, 2014 WL 10518555, at *10 (E.D.N.Y. Aug. 12, 2014), *adopted by* 2015 WL 6021534 (E.D.N.Y. Oct. 14, 2015).

[20] The DAA Plaintiffs agreed to when opening their Accounts does not do so, *see* Fox. Decl. ¶¶ 4-5, 9-10, Ex. A at 6, Ex. D at 5. Nor does the DSA that both Plaintiffs agreed to, as well as that DSA in effect when the events subject of the lawsuit occurred and when Plaintiffs first filed their claims. Kesterson Decl. ¶¶ 7-8, 17-19, 24-25, Ex. A at 6, Ex. B. at 7, Ex. I at 6-7. The Zelle Agreement does not do so, either. Kesterson Decl. Exs. F at 6-7, G at 8-9, H at 8-9. Moreover, many of these agreements note "[t]he arbitrator will have the power to award to a party any damages or other relief provided for under applicable law." *See Perry*, 2018 WL 5861307, at *7.

[21] *See* Fox. Decl. Ex. C at 8, Kesterson Decl. Ex. C at 9-10.

[22] *Dornaus v. Best Buy Co., Inc.*, 2019 WL 632957, at *6 (N.D. Cal. Feb. 14, 2019); *see also Stout v. Grubhub Inc.*, 2021 WL 5758889, *11 (N.D. Cal. Dec. 3, 2021); *Lee v. Tesla, Inc*., 2020 WL 10573281, *9 (C.D. Cal. Oct. 1, 2020).

[23] Among other things, the Old DSA and Zelle Agreements' relevant limitations on liability all include the caveat "EXCEPT AS SPECIFICALLY SET FORTH HEREIN OR WHERE THE LAW REQUIRES A DIFFERENT

arguments fare no better, as NY and CA permit shortening the timeframe by which to bring a claim by a reasonable amount of time, even to just a year (and Plaintiffs had two).[24] A unilateral right to modify also cannot, without more, be unconscionable.[25]

### IV. The Agreements Also Allow EWS To Individually Arbitrate Plaintiffs' Claims

Finally, New York law[26] permits EWS to compel arbitration; critically, "the identity of a third-party beneficiary need not be set forth in the contract," *MK West Street Co. v. Meridien Hotels, Inc.*, 184 A.D.2d 312, 313 (1st Dep't 1992), and need only "be one of a class of persons intended to be benefited."[27] *Vandewater & Lapp v. Sacks Builders, Inc.*, 176 N.Y.S.2d 103, 106 (N.Y. App. Term 1959). Plaintiffs ignore this and instead rely on *Warner v. U.S. Sec. & Futures Corp.*, 257 A.D.2d 545 (1st Dep't 1999)—a five-sentence, inapposite decision. Here, unlike *Warner*, the Zelle Agreement expressly and repeatedly references Zelle and EWS in both name and function.[28] EWS also satisfies both prongs of equitable estoppel.[29] As EWS and Chase have a sufficiently close relationship as it pertains to Plaintiffs' allegations and their use of Zelle, it was "reasonably foreseeable" that EWS would seek to enforce the arbitration provision.

In sum, Plaintiffs should be compelled to individually arbitrate their respective claims.

---

STANDARD." *E.g.,* Rec. Docs. 33-3 at 121, 33-4 at 21, 33-6 at 23 (annexed to pre-motion letter). The New DSA carves out "damages required to be paid as provided under UCC 4A or, to the extent applicable Regulation E, subpart B" from the limitation of liability. *See* Rec. Doc. 33-3 at 86; *see also* Kesterson Decl. Ex. C at 9.

[24] *See, e.g., Wechsler v. HSBC Bank USA, N.A.*, 674 F. App'x 73, 75 (2d Cir. 2017); *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1030 (Cal. App. 2011).

[25] *See, e.g., Ashbey v. Archstone Prop. Mgmt., Inc.*, 612 F. App'x 430, 432 (9th Cir. 2015); *Nicholas*, 410 F. Supp. 3d at 456; *see also supra* n. 14.

[26] Notwithstanding Plaintiffs' suggestion to the contrary, *see* Opp at 6, all versions of the Zelle Agreement submitted with the Motion contain a New York governing law provision. *See* Kesterson Decl, Exs. F at 7, G at 9, and H at 9.

[27] California law adopts a similar standard for determining whether a party is a third party beneficiary. *See, e.g., Collins v. BMW of N. Am., LLC*, 2021 WL 242938, at *3 (S.D. Cal. Jan. 25, 2021).

[28] The Zelle Agreement "states the terms and conditions that govern your use of the Zelle Service," defines "us" to mean "JPMorgan Chase Bank, National Association, or any affiliate, agent, independent contractor, designee, or assignee that we may . . . involve in the provision of the [Zelle] Service," and provides that the "binding arbitration provision applies to any and all Claims that you have against us, our parent, subsidiaries [and] affiliates…." Kesterson Decl. Ex. F, G, and H. EWS is intended to benefit therefrom as it is "involve[d] in the provision of the [Zelle] Service."

[29] Plaintiffs' inadequate warning allegations, *see* Am. Comp. ¶¶ 62-63, 102, 137, are aimed at *both* EWS and Chase and are necessarily intertwined with the language of the Zelle Agreement as well as other disclosures. Plaintiffs also cannot profess ignorance of the Chase-EWS relationship when alleging that Chase is an owner of Zelle. *Id.* ¶¶ 3, 23.

Dated: April 18, 2023                             Respectfully Submitted,

                                              GREENBERG TRAURIG, LLP

By:  /s/ Sylvia E. Simson

Sylvia E. Simson
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
sylvia.simson@gtlaw.com

Paul J. Ferak
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 476-5013
Fax: (312) 456-8435
ferakp@gtlaw.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*


STROOCK & STROOCK & LAVAN LLP

By:  /s/ Julia B. Strickland

Julia B. Strickland
Christopher R. Fredrich
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
Tel: (310) 556-5800
Fax: (310) 556-5959
jstrickland@stroock.com
cfredrich@stroock.com

*Attorneys for Defendant Early Warning Services, LLC*