UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEANNA CURTIS and MIRANDA JANE BENNETT-MORALES, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., and EARLY WARNING SERVICES, LLC D/B/A ZELLEPAY.COM<br><br>Defendants. | No. 1:22-cv-10286-LGS |

### SUPPLEMENTAL DECLARATION OF JESSICA D. MARTINEZ

I, Jessica D. Martinez, of lawful age, being duly sworn, declare as follows:

1.      On March 16, 2023, I executed a prior declaration which I understand was submitted in the above-captioned litigation in connection with the defendants' pending motion to compel arbitration (the "First Martinez Declaration"). I submit this declaration as a supplement to the First Martinez Declaration and fully incorporate the contents of that prior declaration herein.

2.      In the First Martinez Declaration, I attached a true and correct excerpted copy of the account opening documents for the Total Checking account ending 0258 (the "Account"), which was opened by Ms. Bennett-Morales on April 25, 2019, as Exhibit A. Behind the Personal Electronic Signature Card for the Account were the various documents that Ms. Bennett-Morales completed during the "Click to Sign" process, including an excerpted copy of the Deposit Account Agreement that Ms. Bennett-Morales would have had to personally scroll through—and personally click "Acknowledge" having reviewed before proceeding to the next steps of the account opening process—and thus assented to when opening her Account. As noted in the First Martinez

1

Declaration, Ms. Bennett-Morales' assent to the DAA was necessary in order for her to open her Account at Chase; she would have not been permitted to proceed to the next step of the "Click to Sign" process without doing so, nor would she have been permitted to open her Account with Chase.

3. The only materials that were excerpted from the account opening documents on file for Ms. Bennett-Morales' Account are as described in paragraph 4 of the First Martinez Declaration. No document purporting to pass consent to sign the account opening documents and/or to complete the "Click to Sign" process on Ms. Bennett-Morales' behalf were excerpted from Exhibit A to the First Martinez Declaration.

4. As noted in paragraph 9 of the First Martinez Declaration, I have reviewed Exhibit B to the Declaration of John Heyen, executed on March 15, 2023 (the "First Heyen Declaration"), which is a document visually depicting the flow and sequence of Chase's "Click to Sign" account opening process in 2019, as maintained in Chase's UAT/QA system for a hypothetical new Total Checking accountholder. On the first page of Exhibit B, a tab is visible (albeit in the background and next to a "remove" checkmark) that says as follows: "Authorization for Banker to Electronically Sign on Behalf of Customer." This tab refers to the limited scenario where a customer has a disability (*e.g.*, is unable to control a computer mouse) and requires assistance with completing the "Click to Sign" process. Chase's policy and procedure requires individuals in this circumstance to (1) provide written consent to allow for the Chase representative to provide such assistance during the "Click to Sign" process and (2) have two witnesses attest that such consent was provided to the Chase representative.

5. Ms. Bennett-Morales' Account records do not reflect that she fell within the above-described disability exception nor that she consented to any other person completing the "Click to

2

Sign" process on her behalf. Indeed, had she had such a disability—and thus needed to authorize a banker to sign on her behalf to open her Account at Chase and provided such written consent to a Chase representative, along with witness attestations—that would have been included in her account opening documents on file with Chase. But no such documentation exists in Chase's files for Ms. Bennett-Morales or her Account.

6.      Exhibit B to the First Heyen Declaration does not depict how the "Authorization for Banker to Electronically Sign on Behalf of Customer" tab functions. Rather, Exhibit B depicts the flow and sequence of what a customer sees when they are necessarily completing the "Click to Sign" process without aid.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April _11_, 2023

_____
Jessica D. Martinez
Vice President and Branch Manager
JPMorgan Chase Bank, N.A.